THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPHINE NORBISRATH,<br><br>Plaintiff,<br><br>v.<br><br>HOLLAND AMERICA LINE,<br><br>Defendant. | CASE NO. C13-1274-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to appoint counsel. (Dkt. No. 26.) Having thoroughly considered Plaintiff's motion and the relevant record, the Court hereby DENIES the motion.

Plaintiff Josephine Norisbrath filed a civil rights discrimination complaint in July 2013. (Dkt. Nos. 1, 6.) She proceeds *pro se* and *in forma pauperis* under 28 U.S.C. § 1915(e). In her complaint, Plaintiff alleges that Defendant Holland America Line terminated her employment because of her "race or color," as well as her status as a disabled employee. (Dkt. No. 6.) Plaintiff alleges that during her five-year employment, she received no negative evaluations. After she sustained an injury, however, she allegedly began to be treated unfairly and Defendant failed to accommodate her disabilities. (*Id.* at 2.) Plaintiff states that she was ultimately terminated due to an inaccurate evaluation containing a negative rating. (*Id.* at 2.)

//

The Court set the matter for a scheduling conference for January 7, 2014. Neither Plaintiff nor counsel for Defendant appeared, and the Court entered an Order to Show Cause why the case should not be dismissed for failure to prosecute and why sanctions should not be entered against counsel for Defendant for failure to appear. Plaintiff and counsel for Defendant each responded, and the Court set the matter for a new hearing on May 20, 2014 in order to allow Plaintiff (at her own request) a 90-day period to obtain counsel. Defendant then filed a motion to dismiss Ms. Norisbrath's complaint on the ground that her claim is barred by the applicable statute of limitations and because Plaintiff's race-discrimination claim was not included in her EEOC complaint. (Dkt. No. 23.) Defendant's motion is noted for the Court's consideration on May 23, 2014—four weeks after April 29, 2014, the end of the extension granted to Plaintiff so she could obtain counsel. Plaintiff has not yet responded to Defendant's motion to dismiss, but requests that the Court appoint counsel to represent her in this lawsuit.

\* \* \*

Under the United States Constitution, no right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff's physical liberty is at stake. *See Lassiter v. Dep't of Soc. Services*, 452 U.S. 18, 25 (1981). The Court may, in its discretion, designate pro bono counsel to represent indigent litigants proceeding *in forma pauperis* under 28 U.S.C. § 1915(e) only upon a showing of "exceptional circumstances." *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e). *Id.* Section 1915(e), however, merely allows courts to request the assistance of pro bono counsel; it does not permit courts to require counsel to represent indigent civil litigants. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 109 S. Ct. 1814 (1989).

1    Upon review of Plaintiff's complaint, her request for counsel, and the balance of the
2 record, the Court cannot conclude that the requisite "exceptional circumstances" are present.
3 Plaintiff's complaint contains only a single paragraph explaining her allegations, leaving the
4 Court with no basis to conclude that she is likely to succeed on the merits. This conclusion is
5 further supported by the statute of limitations argument raised in the pending motion to dismiss,
6 which Ms. Norisbrath has yet to address. Nor has Ms. Norisbrath demonstrated that she is unable
7 to articulate her claims *pro se*. While her complaint does not contain significant factual
8 allegations, she nonetheless explains the basic parameters of her claim and has been responsive
9 to the Court's orders to date, having responded to the previous Order to Show Cause and
10 requested counsel in a timely manner. Additionally, this matter is not a complex lawsuit that
11 would necessarily require counsel—Plaintiff brings a run-of-the-mill employment discrimination
12 claim based on disability and race. Ultimately, the Court concludes that Plaintiff has not
13 demonstrated the requisite "exceptional circumstances" to justify appointment of counsel at this
14 time. Plaintiff's motion to appoint counsel is accordingly DENIED without prejudice (Dkt. No.
15 26) and Ms. Norisbrath is directed to respond to Defendant's motion to dismiss as required under
16 the Local Rules.
17    The Clerk is respectfully directed to provide Plaintiff with a copy of this district's *pro se*
18 Litigation Guide and a copy this district's Local Rules.
19    DATED this 1st day of May 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3