THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPHINE NORBISRATH,<br><br>Plaintiff,<br><br>v.<br><br>HOLLAND AMERICA LINE,<br><br>Defendant. | CASE NO. C13-1274-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Holland America Line's motion to dismiss, to which Plaintiff has not responded. (Dkt. No. 23.) Having thoroughly considered Defendant's briefing, the Court finds oral argument unnecessary and GRANTS the motion.

## I.   BACKGROUND

Plaintiff Josephine Norisbrath, proceeding *pro se* and *in forma pauperis*, brings this disability and "race and color" discrimination lawsuit against her former employer, Holland America Line. Ms Norisbrath's five-year employment with Holland America was terminated on February 21, 2012. (Dkt Nos. 6, 24-1 at 2.) Plaintiff alleges that Holland America terminated her employment because of her "race or color," as well as her status as a disabled employee. (Dkt. No. 6.) Plaintiff alleges that during her five-year employment, she received no negative evaluations. (*Id.* at 2.) After she sustained a work-related injury in 2010, however, Defendant allegedly began to treat her unfairly and failed to accommodate her disabilities. (*Id*. at 2.)

Plaintiff alleges that she was ultimately terminated based on an inaccurate evaluation containing a negative rating. (*Id*. at 2.)

After Holland America terminated Ms. Norisbrath's employment on February 21, 2012, Plaintiff filed an administrative charge of discrimination with the Seattle Office of Civil Rights ("SOCR") on May 4, 2012. (Dkt. Nos. 6 at 2; 24-1 at 2.) She alleged disability discrimination in violation of the Seattle Fair Employment Practices Ordinance and the Americans with Disabilities Act. (Dkt. No. 24-1 at 2.) On June 1, 2012, the EEOC recognized the SOCR filing of the charge for dual filing purposes. (*Id.* at 5.) Thereafter, on January 18, 2013, SOCR completed its investigation and found no reasonable cause to conclude that there was sufficient evidence to support a finding of discrimination. (*Id.* at 8–16.) On March 6, 2013, the EEOC deferred to SOCR's decision, dismissed Plaintiff's charge, and issued its standard right-to-sue letter to Ms. Norisbrath. (*Id.* at 20.) In that letter, the EEOC informed Ms. Norisbrath that she had 90 days to file a discrimination lawsuit in federal or state court and that a failure to do so would bar her from obtaining relief. (*Id.*)

Ms. Norisbrath filed the instant lawsuit on July 18, 2013, approximately 132 days after she presumptively received the EEOC's right-to-sue letter. (Dkt. No. 1.) Plaintiff used the Court's *pro se* form complaint for discrimination claims, alleging disability discrimination under the Americans with Disabilities Act ("ADA") and "race and color" discrimination under Title VII. (Dkt. No. 6 at 2.) Plaintiff declined to either answer the form complaint's question regarding when the EEOC issued its right-to-sue letter or to attach a copy of that letter as required. (*Id.*) She completed all other portions of the form complaint.

Defendant now moves to dismiss Ms. Norisbrath's complaint on the ground that she failed to file her action within ninety days of receiving her right-to-sue letter, as required by statute. Defendant also argues that Plaintiff's Title VII claims are barred because her administrative charge contained only a claim for disability discrimination. Plaintiff has not

responded to Defendant's motion to dismiss.[1] Upon review, the Court agrees with Defendant that Plaintiff's action is barred because Plaintiff did not file her claims in a timely manner.

## II. DISCUSSION

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Although Rule 12(b)(6) does not require courts to assess the probability that a plaintiff will eventually prevail, the allegations made in the complaint must cross "the line between possibility and plausibility of entitlement to relief." *Id.* A motion to dismiss on the pleadings may be granted on the basis of an expired statute of limitations if "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Thus, in reviewing the instant motion, the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences from those facts in favor of Plaintiff.[2] *See Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

To bring a claim under the Americans with Disabilities Act or Title VII for disability or racial discrimination, respectively, a plaintiff must first file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). If the EEOC dismisses the charge, the claimant must sue within ninety (90) days of receipt of a right to sue letter. *See* 42

---

[1] Defendant filed its motion to dismiss on February 21, 2014, but noted the motion for May 23, 2014 because the Court previously granted Plaintiff an extension of time so that she could attempt to obtain counsel. The Court subsequently denied Plaintiff's request for the appointment of counsel, and expressly advised that Plaintiff she was responsible for responding to Defendant's motion to dismiss. (Dkt. No. 27 at 2.)

[2] The Court takes judicial notice of Plaintiff's initial SOCR charge, the SOCR findings, and the EEOC documents, and may thus consider the documents in ruling upon the instant motion to dismiss. A court usually decides whether a limitations period has run on summary judgment, not the pleadings. *See TwoRivers*, 174 F.3d at 991. However, a court may consider when ruling on a motion to dismiss documents that are either essential to a plaintiff's complaint and whose validity is not questioned or are properly subject to judicial notice under Federal Rule of Evidence 201. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001); Fed. R. Evid. 201(b)–(d). The EEOC documents here are essential to Ms. Norisbrath's complaint and their validity is uncontested, and the Court may notice of EEOC proceedings. *see Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("[A court] may take judicial notice of records and reports of administrative bodies.") (internal quotation marks omitted)).

U.S.C. § 2000e-5(f)(1) (establishing ninety day time limit for suits under Title VII); 42 U.S.C. § 12117(a) (ADA). This ninety-day period is a statute of limitations that may, in appropriate circumstances, be subject to equitable tolling. *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010). In the Ninth Circuit, there exists a rebuttable presumption that a plaintiff received notice of dismissal from the EEOC within three days of when it was mailed, thereby permitting suits commenced within ninety-three (93) days of when the notice was mailed. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1126 (9th Cir. 2007). If a claimant fails to file the civil action within this period, the action is barred. *Nelmida v. Shelly Aurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997).

Plaintiff's ADA and Title VII "race and color" claims are barred. The EEOC's notice of Plaintiff's right to sue was mailed on March 6, 2013, so she presumptively received the notice on March 9, 2013. *See Payan*, 495 F.3d at 1126. Ms. Norisbrath did not respond to Defendant's motion and therefore failed to rebut this presumption. Plaintiff filed the instant lawsuit on July 18, 2013, which is approximately 132 days after she presumptively received her right-to-sue letter and 42 days after the limitations period expired. Indeed, the Court notes that Plaintiff's Complaint itself omits the relevant dates despite the requirement that they be provided. (*See* Dkt. No. 6.) In light of this information, the Court has no choice but to conclude that Plaintiff's discrimination claims are barred.

Finally, although Rule 15(a) requires that leave to amend be freely given when justice so requires, leave may be denied if amendment of the complaint would be futile. *Gordon v. City of Oakland,* 627 F.3d 1092, 1094 (9th Cir. 2010). Here, Plaintiff's complaint contains no alleged facts whatsoever which would allow the Court to find that equitable tolling is appropriate, and by failing to respond to Defendant's motion to dismiss, Plaintiff again failed to provide any basis for the Court to toll the relevant limitation period. Nor has Plaintiff requested leave to amend. Accordingly, the Court finds that amendment would be futile and dismisses Plaintiff's claims with prejudice.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 23) is GRANTED.

DATED this 9th day of June 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE